UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NATHANIEL PETER KENNISON,

                Petitioner,

v.

BRYAN MORRISON,

                Respondent.

_____/

Case No. 1:26-cv-1787

Honorable Phillip J. Green

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

Petitioner also asks the Court to appoint counsel on his behalf. (ECF No. 5.) Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion for a court-appointed attorney will therefore be denied.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.  The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings.  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350.  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted).  That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua*

2

*non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment."). Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

3

## Discussion

### I.    Factual allegations

Petitioner Nathaniel Peter Kennison is incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan.  Petitioner is presently serving a 2 to 8-year term of imprisonment imposed by the Muskegon County Circuit Court following Petitioner's guilty plea to three charges.  In a prior filed habeas action, *Kennison v. State of Michigan*, No. 1:26-cv-1274 (W.D.Mich.), Petitioner reported that he has filed a claim of appeal to the Michigan Court of Appeals as well as a motion for relief from judgment in the trial court. Pet., *Kennison* (ECF No. 1, PageID.1–5.)

### II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have

4

not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The petition indicates that Petitioner has not yet fairly presented his habeas grounds for relief to either level of the state appellate system.  Pet., *Kennison* (ECF No. 1, PageID.1–5.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may pursue the direct appeal of his conviction.  Therefore, the Court concludes that he has at least one available state remedy.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice could potentially preclude future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions with unexhausted claims.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the

Sixth Circuit held that when the dismissal of a petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because the judgment is not yet final, the period of limitations has not yet started to run. Accordingly, a stay of these proceedings is unnecessary. The petition is properly dismissed under *Rose.*

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas

6

petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, denying Petitioner's motion to appoint counsel (ECF No. 5), dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.

Dated:  August 7, 2026                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge

7